UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID S. DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> DEEP ROCK ENERGY CORP., <br><br> Defendant. | Case No. 19-cv-270-JPG-GCS |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Deep Rock Energy Corp.'s ("Deep Rock") motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 8). Plaintiff David S. Davis has responded to the motion (Doc. 12).

Davis filed this case complaining that Deep Rock, his former employer, discriminated against him because he was a male and failed to act and appear according to expectations defined by gender. He claims this violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 *et seq*. He alleges that Deep Rock hired him in April 2018 as a seismic crew member and that he met Deep Rock's employment expectations. Davis further alleges that when Deep Rock found out in July 2018 that he sometimes dressed as a woman while not at work, Deep Rock's president told Davis he could not work for Deep Rock anymore because Deep Rock could not have "someone like that" working for the company. Davis pleads that "[s]imilarly situated non-sex male/gender identity persons," Pl.'s Compl. ¶ 14 (Doc. 1), were treated differently than he was in that they were not discharged. He asserts that, by this conduct, Deep Rock discriminated against him on the basis of sex by gender stereotyping in violation of Title VII and on the basis of sexual orientation by unlawful gender-related identity discrimination in violation of the IHRA.

In its motion for a more definite statement, Deep Rock complains that the factual allegations of Davis's complaint are vague and, at times, unintelligible. It specifically points to the phrase from ¶ 14 of the Complaint quoted in the previous paragraph. It also complains that Davis never states when he considered himself discharged and whether it was an affirmative discharge or a constructive discharge. Davis contends his complaint is sufficiently clear to allow Deep Rock to respond.

Generally, liberal federal notice pleading rules require only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Where a defendant thinks a complaint is too vague or ambiguous, it may move for a more definite statement under Federal Rule of Civil Procedure 12(e). Under that rule, it is within the Court's discretion whether to order a party to provide a more definite statement, although such motions are not favored in view of the liberal federal pleading standards discussed above. More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail. *See, e.g., American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991). Discovery is a more appropriate vehicle for fleshing out the details of a case. *See Moore*, 869 F. Supp. at 560.

The Court has carefully reviewed Davis's complaint and finds that, although some of his language is a bit confusing, overall the pleading is not so unintelligible that a more definite statement is necessary to enable Deep Rock to reasonably prepare a response.  It is clear that Davis is complaining that, when the company found out he was a man who sometimes dressed like a woman, it said he could not work there anymore.  Furthermore, any confusion in the details can be easily clarified by a few deposition questions or contention interrogatories.  There is simply no need to require Davis to provide more details at the pleading stage of the litigation. For these reasons, the Court **DENIES** Deep Rock's motion for a more definite statement (Doc. 8).

**IT IS SO ORDERED.**
**DATED:  May 17, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**